{¶ 68} I concur in the lead opinion's holding that Grimes's assignments of error should be overruled. Nonetheless, I write separately to emphasize my belief that there was no error in the trial proceedings and to repudiate the hesitation expressed in the lead opinion.
 {¶ 69} Although the lead opinion indicates that "the state's entire closing argument" constituted a plea to the jury's sympathies and passions, I agree with the state that the references to witness intimidation were made to explain the demeanor of the state's witnesses and to explain certain inconsistencies with prior statements. They were not made to induce the jury to find Grimes guilty where the evidence did not support such a finding. The portion of the closing argument that the majority quotes included the only statement that prompted an objection from defense counsel. The trial court gave a proper and thorough curative instruction to the jury and in its closing instructions again informed the jury that it was to disregard any statements that had been stricken.
 {¶ 70} And as the lead opinion indicates, there is no per se rule requiring the reversal of a conviction where the state asks the jury to "send a message." The decision of the Pennsylvania Supreme Court cited in the lead opinion is not binding on this court. Moreover, given thatDeJesus was decided in the context of the penalty phase of a capital proceeding, I do not find it particularly instructive. Here, the state presented overwhelming evidence of Grimes's guilt in the form of a number of eyewitnesses to the shooting, and any improprieties on the part of the state were cured by the trial court's instructions. Although the tenor of the lead opinion would suggest that this is a case in which the prosecutor's comments were close to necessitating a reversal of the conviction, I have no reservation in stating that Grimes received a fair trial.
 {¶ 71} Similarly, I have no reservation about the propriety of the jury having heard the entire prior statement of Tiffany Ruff. The statement was undoubtedly admissible to impeach Ruff's trial testimony, and the references to witness intimidation included in the statement were properly admitted to explain Ruff's subsequent recantation. In any event, the trial court's curative instruction was sufficient to remove any taint of extraneous material that the statement may have included.
 {¶ 72} The lead opinion makes much of the fact that Grimes himself was not implicated in the alleged witness intimidation. Although this appears to be the case, I believe that the state properly brought the issue before the jury to explain why certain witnesses were evasive, reluctant to testify, and in some instances utterly contradictory in their statements. Even the lead opinion concedes as much, yet finds fault with the trial court and the prosecution for placing the issue before the jury. I would hold simply that there was no error in the jury considering the evidence of intimidation as part of its truth-seeking function.
 {¶ 73} In sum, I agree that the judgment of the trial court must be affirmed, and I do so without hesitation. Therefore, I concur separately.